## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**RONALD W. HODGES,**

                    **Plaintiff,**

   **v.**                                     **Case: 1:12-cv-01675 (JDB)**

**THE DISTRICT OF COLUMBIA.**

                    **Defendant.**

## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, OR IN THE
## ALTERNATIVE, FOR SUMMARY JUDGEMENT

Defendant, the District of Columbia ("the District"), and the Office of the Inspector

General ("OIG"), and Charles Willoughby, by and through undersigned counsel, move to dismiss

the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that:

A. To the extent the complaint seeks to name OIG as a defendant, the Court should dismiss all claims against OIG because it lacks the legal capacity to be sued.

B. To the extent the complaint seeks to name Charles Willoughby as a defendant, the Court should dismiss Mr. Willoughby because the District is already a party.

C. To the extent the complaint seeks to name Charles Willoughby as a defendant, the Court should dismiss Counts I – II against Charles Willoughby because the Americans with Disabilities Act ("ADA") does not provide for individual liability;

D. The Court should dismiss Counts I -IV because plaintiff's complaint fails to state a cause of action under the ADA or District of Columbia Human Rights Act ("DCHRA").

E. The Court should dismiss plaintiff's Family Medical Leave Act ("FMLA") claim because plaintiff failed to state a claim cause of action under the FMLA..

 Alternatively, the District is entitled to summary judgment pursuant to Fed. Civ. R. 56(c) on

plaintiff's claims for unliquidated damages under Counts III and IV because plaintiff failed to

comply with D.C. Code § 12-309.   In support of this motion, defendants rely upon the

accompanying memorandum of points and authorities.  A proposed order is attached hereto.

Respectfully submitted,

IRVIN B. NATHAN
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

*/s/ Jonathan H. Pittman*
JONATHAN H. PITTMAN    [D.C. Bar No. 430388]
Chief, General Litigation Section III


/s/ Patricia B. Donkor
PATRICIA B. DONKOR [DC Bar No. 1000455]
Assistant Attorney General
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 727-9624
Patricia.donkor@dc.gov

Counsel for Defendants

**LOCAL RULE 7(m) CERTIFICATE**

Because Defendants' motion is dispositive, LCvR 7(m) is inapplicable.

/s/Patricia B. Donkor
Patricia B. Donkor

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RONALD W. HODGES,** | |
| **Plaintiff,** | |
| **v.** | **Case: 1:12-cv-01675-JDB** |
| **THE DISTRICT OF COLUMBIA.** | |
| **Defendant.** | |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

### I.   BACKGROUND

Plaintiff Ronald Hodges alleges that he worked as a supervisory auditor for the D.C. Office of the Inspector General ("OIG") for two years, from August 2008, until September 2010. Compl. ¶ 5.  According to plaintiff, on July 22, 2010, he began treatment for a disc herniation, a disc osteophyte with facet degenerative changes, and a lumbar disc bulge.  *Id.* ¶¶ 12-13.  Plaintiff claims that on July 30, 2010, he informed the OIG that he needed treatment and, as a result, would be unable to work.  *Id.* ¶ 17.  Specifically, he informed the OIG that his doctor ordered him not to return to work for 4 to 6 weeks.  *Id.* ¶ 18.  He alleges that on August 6, 2010, the OIG sent him a letter instructing him to have his medical doctor complete and return a Medical Certification within five business days, and to inform the OIG of what leave category his leave should be charged.  *Id.* ¶ 19.

Plaintiff alleges that he submitted the medical certification, completed by a Dr. Nguyen, to the OIG on August 13, 2010.  Compl. ¶ 20.  In the certification, Dr. Nguyen stated that plaintiff's condition would last approximately three to six months and during this period and he would e incapacitated for six to eight weeks of this period.  *Id.* ¶ 22.  According to plaintiff, Dr.

1

Nguyen also concluded that plaintiff should work intermittently or a less than full schedule for approximately three months. *Id.* ¶ 23. The only physical limitations Dr. Nguyen identified were that plaintiff would be unable to perform work that required prolonged sitting. *Id.* ¶ 26. Upon receiving plaintiff's medical certification, the OIG responded by providing plaintiff with the following accommodations: plaintiff should stand up, stretch and walk around to avoid prolonged sitting and would not be required to lift items greater than five pounds. *Id.* ¶ 29. In light of the accommodations, the OIG denied the request for leave citing the medical certification which indicated that plaintiff was physically capable of working. *Id.* ¶ 31. The OIG also placed plaintiff on AWOL status since he had been absent from work without approved leave. *Id.* ¶ 30. On August 25, 2010, nine days after plaintiff had been on AWOL status, the OIG sent plaintiff a letter, terminating his employment effective September 10, 2010. *Id.* ¶ 36.

On August 10, 2012, plaintiff filed the instant lawsuit in the Superior Court for the District of Columbia, No. 2012 CA 6539 against the District. Although the caption of the complaint only identifies the District as the sole defendant, the complaint also notes that it is to be served on Charles Willoughby, the Inspector General. Paragraph 2 of the complaint identifies the defendant as the "District of Columbia Office of the Inspector General ('Defendant') or ('OIG')." Compl ¶ 2. In addition, paragraph 7 of the complaint notes that Mr. Willoughby is the Inspector General and that he "is named as a Defendant in this lawsuit in his official capacity." Id., ¶ 7. Based on these allegations, the District construes the complaint as naming as defendants the District, OIG and Mr. Willoughby in his official capacity.

Upon receiving service of process, the District removed this case to this Court. [ECF # 1]. Plaintiff alleges that defendants violated the Americans with Disabilities Act ("ADA") by failing to provide him with a reasonable accommodation and terminating his employment.

(Count I) Compl. ¶47.  Plaintiff next alleges that defendants violated the ADA by subjecting him to discrimination on the basis of his disability or perceived disability.  (Count II).  *Id*. ¶54.  Third, plaintiff claims that defendants violated the District of Columbia Humans Rights Act ("DCHRA") by failing to accommodate him.  (Count III).  *Id*. ¶ 65.  Fourth, plaintiff claims that defendants violated the DCHRA by discriminating against him based upon disability and or perceived disability.  (Count IV).  *Id*. ¶ 75.  Lastly, plaintiff claims that defendants violated the Family and Medical Leave Act ("FMLA") by failing to advise plaintiff of his options or rights under FMLA, denying his request for leave without pay, and not offering plaintiff leave under FMLA for his alleged serious medical condition.  (Count V).  *Id*. ¶ 90-95.

The Court should dismiss the Complaint for the following reasons:

A.  The OIG should be dismissed from suit because it lacks the legal capacity to be sued.

B.  The claims against Charles Willoughby in his official capacity should be dismissed because the District is already a party.

C.  The Court should dismiss Counts I – II against Charles Willoughby because the Americans with Disabilities Act ("ADA") does not allow for individual liability;

D.  The Court should dismiss Counts I -IV because plaintiff's complaint fails to state a cause of action under the ADA or District of Columbia Human Rights Act ("DCHRA").

E.  The Court should dismiss plaintiff's Family Medical Leave Act ("FMLA") claim because plaintiff's complaint fails to state a cause of action under the FMLA.

Alternatively, the District is entitled to summary judgment pursuant to Fed. Civ. R. 56(c) on plaintiff's claims for unliquidated damages under Counts III and IV because plaintiff failed to comply with D.C. Code § 12-309.  Dismissal is required based on the arguments set forth below.

## II.    LEGAL STANDARDS

3

To survive a motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555 (2007). In *Ashcroft v. Iqbal*, the Supreme Court set forth a "two-pronged approach" that a Court may utilize when ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). While a Court generally must consider a plaintiff's factual allegations as true, the Court may first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Thus, the basic pleading standards "demand [] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555).

Once the Court has determined that the plaintiff has asserted "well-pleaded factual allegations," the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950. The Court defined "plausible" as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Atherton v. District of Columbia*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1950 (internal quotation marks and citations omitted)).

Plaintiff has failed to show that he is entitled to relief. *Iqbal*, 129 S. Ct. at 1950. The only suggestion that plaintiff's disability or any other protected class played any role in his

interactions with defendants are plaintiff's conclusory statements that are devoid of any details in support of his claims.  Compl.  These allegations "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim" and, because of their conclusory nature, are "not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950-51 (quoting *Twombly*, 550 U.S. at 555).

Alternatively, this Court should grant summary judgment in defendants' favor as to Counts III and IV.  Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment:

> [S]hall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.

The moving party in a motion for summary judgment bears the initial burden of identifying evidence that demonstrates that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once a movant has made the required showing under the rule, the burden shifts to the opposing party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, (1986).  In other words, "once the movant has supported a summary judgment motion by evidence of particular events, the court may properly look to the nonmovant for rebuttal evidence either from persons familiar with the events, or expect the nonmovant to otherwise cast more than metaphysical doubt on the credibility of the testimony." *Doe v. Gates*, 981 F.2d 1316, 1323 (D.C. Cir. 1993).

A trial court should enter summary judgment against a nonmoving party who fails to make a showing sufficient to establish the existence of an element essential to his case, and on which the party will bear the burden of proof at trial. *Celotex*, *supra*, 477 U.S. at 322.  For the

following reasons, plaintiffs' claims should be dismissed.  In the alternative, summary judgment should be granted in favor of the District as to plaintiff's claims for unliquidated damages in Counts III and IV.

## III.   ARGUMENT

### A.  The OIG should be dismissed from suit because it lacks the legal capacity to be sued.

As noted above, it appears that plaintiff intended to name OIG as a defendant in this matter.  However, plaintiff cannot prevail on a claim against the OIG because OIG is *non sui juris*.  *Miller v. Spence*, 330 A.2d 250, 251, n. 1 (D.C. App. 1974); *Roberson v. District of Columbia,* 359 A.2d 28, 31, n. 4 (D.C. App. 1976).  Public bodies have only such powers as are conferred on them by statute.  Accordingly, subordinate agencies within the District of Columbia government are not subject to suit, unless conferred by statute.  *Blackmar v. Guerre*, 342 U.S. 512 (1952); *Community Housing Trust v. Dept. of Consumer and Regulatory Affairs*, 257 F. Supp. 2d 208 (D.D.C. 2003):

> The law is clear that "agencies and departments within the District of Columbia government are not suable as separate entities." *Does I through III v. District of Columbia*, 238 F. Supp. 2d 212, 222 (D.D.C. 2002) (*quoting Gales v. District of Columbia*, 47 F. Supp. 2d 43, 48 (D.D.C. 1999) (*in turn citing Fields v. District of Columbia Dep't of Corr.*, 789 F. Supp. 20, 22 (D.D.C. 1992)); *see also Arnold v. Moore*, 980 F. Supp. 28, 33 (D.D.C. 1997) ("governmental agencies of the District of Columbia are not suable entities") (*citing Roberson v. District of Columbia Bd. of Higher Educ.*, 359 A.2d 28, 31 n.4 (D.C. 1976); *Miller v. Spencer*, 330 A.2d 250, 251 n.1 (D.C. 1974)); *Jenkins v. District of Columbia*, 1996 U.S. App. LEXIS 34431, 1996 WL 440551, *1 n.2 (D.D.C. 1996).  Accordingly, plaintiff's charges against the Department of Consumer and Regulatory Affairs, the Office of the Chief Financial Officer, and the Office of Tax and Revenue shall be dismissed.

*Id*. at 217 (footnote omitted).  *See also Kundrat v. District of Columbia*, 106 F. Supp. 2d 1 (D.D.C. 2000).  Therefore, any action against a D.C. government agency, such as this claim filed against the OIG, an agency of the District of Columbia government, is void *ab initio* and cannot be heard by this Court.  The Court should therefore dismiss any and all claims asserted against OIG.

**B.  The claims against Charles Willoughby must be dismissed because the District is already a party.**

As noted above, the complaint appears to assert claims against Mr. Charles Willoughby in his official capacity as Inspector General for the District of Columbia.  Complaint, ¶7.  But a complaint fails to state a claim against a government official sued in his or her official capacity if the government is also a party.  Such is the case here.  "When sued in their official capacities, government officials are not personally liable for damages. *Atchison v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996).  "A . . . suit for damages against municipal officials in their official capacities is thus equivalent to a suit against the municipality itself." *Id.* (internal citation omitted).  For this reason, the Supreme Court has held that "[t]here is no longer a need to bring official-capacity actions against local government officials." *Kentucky v. Graham*, 473 U.S. 159, 167 (1985).   As the District of Columbia government is sued in its own right, this Court must dismiss all claims against Charles Willoughby in his official capacity.

**C.  Counts I – II must be dismissed against Charles Willoughby because the ADA does not allow for individual liability**

It is well established that there is no individual liability under the ADA. *See Cooke-Seals v. District of Columbia,* 973 F. Supp. 184 (D.D.C. 1997); *Silk v. City of Chicago*, 194 F.3d 788, 788 n.5 (7th Cir. 1999); *Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996); *Pritchard v. Southern Co. Servs.*, 102 F.3d 1118, 1119 (11th Cir. 1996), *cert. denied*, 520 U.S. 1274 (1997) (finding no personal liability for supervisors under either the Rehabilitation Act or the ADA); *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1279-80 (7th Cir. 1995) (noting that ADA, Title VII, and ADEA statutes are very similar and that "courts routinely apply arguments regarding individual

7

liability to all three statutes interchangeably.").   Thus, even if Mr. Willoughby were a proper party in interest, plaintiff's ADA claims against him fail because the ADA does not provide for individual liability.

**D.   Counts I -IV must be dismissed because plaintiff's does not have a viable claim under the ADA or DCHRA.**

Plaintiff's complaint fails to state a cause of action under the ADA or DCHRA because his complaint only alleges that his medical condition was short-term and therefore not substantially limiting.  Under Title I of the ADA "[no] covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."   42 USCS § 12112(a).   "The term "discriminate against a qualified individual on the basis of disability" includes-- (1) limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee; (2) participating in a contractual or other arrangement or relationship that has the effect of subjecting a covered entity's qualified applicant or employee with a disability to the discrimination prohibited by this title (such relationship includes a relationship with an employment or referral agency, labor union, an organization providing fringe benefits to an employee of the covered entity, or an organization providing training and apprenticeship programs)." 42 USCS § 12112(b). [1]

---

[1] Guidance for analyzing DCHRA claims may be found in case law that has construed the ADA. *Green v. Am. Univ.*, 2009 U.S. Dist. LEXIS 74386, 11-12 (D.D.C. 2009) (*citing Morgenstein v. Morgan Stanley DW Inc.*, No. 05-2123 (JR), 2007 U.S. Dist. LEXIS 6781, 2007 WL 315090, at *4 n.7 (D.D.C. Jan. 31, 2007) ("Because the DCHRA and the Americans with Disabilities Act (ADA) are substantially similar, courts considering DCHRA claims frequently look to ADA case law for persuasive authority."); *see Whitbeck v. Vital Signs, Inc.*, 116 F.3d 588, 591, 325 U.S.

To make out a prima facie case of discrimination for failure to reasonably accommodate, plaintiff must demonstrate by a preponderance of the evidence (1) that she was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of his job; and (4) that the employer refused to make such accommodations.  *Etheridge v. FedChoice Fed. Credit Union*, 789 F. Supp. 2d 27, 35 (D.D.C. 2011) (*citing Lytes v. D.C. Water and Sewer Auth.*, 527 F. Supp. 2d 52, 60 (D.D.C. 2007), aff'd, 572 F.3d 936, 387 U.S. App. D.C. 291 (D.C. Cir. 2009)).  "Under the EEOC Regulations, a "disability" qualifies as "substantially limiting" if the disabled individual is unable to perform a major life activity that the average person in the general population can perform or is significantly restricted as to the condition, manner or duration under which he can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.""  *Id.* (*citing Lytes*, at 195-96 (quoting 29 C.F.R. § 1630.2(j))).

 "In deciding whether an individual is "substantially limited," the court must consider (1) the duration or expected duration of the impairment; (2) the permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment;'" and (3) the nature and severity of the impairment.""  (*citing Lytes*, at 196 (quoting 29 C.F.R. § 1630.2(j)) Courts are seemingly unanimous in the view that impairments whose effects last less than one year are insufficient to demonstrate a substantial limitation on a major life activity.  *Samuels v.*

---

App. D.C. 244 (D.C. Cir. 1997) (observing that District of Columbia courts interpret the DCHRA by reference to cases arising under federal civil rights statutes); *Chang v. Institute for Public-Private Partnerships, Inc*., 846 A.2d 318, 324 (D.C. 2004) (construing the DCHRA under the same standards as the ADA in regards to comparable sections of the two statutes).

*Kan. City Mo. Sch. Dist.*, 437 F.3d 797, 802 (8th Cir. 2006) (surgery requiring nine-month leave of absence insufficient to show long-term impairment); *Adams v. Citizens Advice Bureau*, 187 F.3d 315, 316-17 (2d Cir. 1999) (injury lasting three and one-half months "too short in duration . . . to be substantially limiting"); *Thompson v. Rice*, 422 F. Supp. 2d 158, 167 (D.D.C. 2006) (brain hemorrhage requiring two-day hospital stay and six weeks of sick leave of temporary duration). *Etheridge*, 789 F. Supp. 2d 27 (holding that plaintiff's condition, lasting eight months was short-term and therefore not covered under the ADA); *Lester v. Natsios*, 290 F. Supp. 2d 11, 24-25 (D.D.C. 2003) (holding that plaintiff who suffered from hypertension from late 1994 until sometime in 1995 did not qualify as an individual with a "disability" under the Rehabilitation Act, a statute analogous to the ADA).

On its face, the complaint clearly describes a temporary condition.  Plaintiff alleges that his condition was expected to be at its worse for six to eight weeks but the remnants of the condition could remain for up to three to six months.  Compl. ¶ 22.  Plaintiff's condition is unequivocally less than the year-long standard necessary for ADA protection.  *See Adams*, 187 F.3d 315;  *Thompson*, 422 F. Supp. 2d 158; *Etheridge*, 789 F. Supp. 2d 27.  Dr. Nguyen's alleged orders further support the temporary nature of plaintiff's condition.  Dr. Nguyen concluded that plaintiff should reduce his work schedule for three months only.  Compl. ¶ 23. Considered in light of the established case law, the allegations of plaintiff's complaint establish that his alleged condition was only temporary and therefore not "substantially" limiting in the context of the ADA and DCHRA.

In addition, the allegations of plaintiff's complaint negate any claim that the District failed to provide him with reasonable accommodations.  Plaintiff admits that the District agreed to allow him to take breaks to stand up, stretch and walk around and avoid lifting anything over

five pounds.   Compl., ¶ 29.   Although plaintiff suggests that he wanted different accommodations, specifically time off of work, nothing in his complaint suggests that the accommodations that the District provided were insufficient.  *See id*. generally.   For these reasons, this Court should dismiss Counts I -IV.

### E. The Court should dismiss plaintiff's FMLA claim because plaintiff failed to state a claim upon which relief can be granted.

Plaintiff has not alleged a viable cause of action under the FMLA.  The FMLA states that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided . . . ." 29 U.S.C. § 2615(a)(1). "In order to establish an interference claim under FMLA, a plaintiff must prove, *inter alia,* that (1) the plaintiff must show he was entitled to take leave because he or a family member had a 'serious health condition;' (2) the plaintiff provided the defendant with adequate notice of his or her intention to take leave; and (3) the defendant interfered with the plaintiff's right to take leave." *Ghawanmeh v. Islamic Saudi Acad.*, 857 F. Supp. 2d 22, 36 (D.D.C. 2012) (quoting *Deloatch v. Harris Teeter, Inc.,* 797 F. Supp. 2d 48, 65 (D.D.C. 2011)).

A "serious health condition" is defined as an illness, injury, impairment, or physical or mental condition that involves inpatient care or continuing treatment by a health care provider. 29 C.F.R. § 825.113(b) (2009); *see also* 29 U.S.C. § 2611(11)(B).   Any incapacity or treatment that requires inpatient care qualifies as a serious health condition.  29 C.F.R. §825.113(a).  A health condition involving continuing treatment entails, inter alia, "a period of incapacity of more than three consecutive, full calendar days, and any subsequent treatment or period of incapacity relating to the same condition."  29 C.F.R. § 825.115(a).  Incapacity is the inability to

work, attend school, or perform regular daily activities due to the illness injury or physical or mental condition or treatment of or recovery from the health condition. 29 C.F.R. §825.113(b). It is the plaintiff's burden to establish that the leave of absence was caused by a "serious health condition." *Deloatch,* 797 F. Supp. 2d at 65 (*citing Lightfoot v. District of Columbia*, 2006 U.S. Dist. LEXIS 1358, 2006 WL 54430, at *4 (D.D.C. Jan. 10, 2006) (*citing Bauer v. Varity Dayton-Walther Corp.,* 118 F.3d 1109, 1112 (6th Cir. 1997)).

In *Deloatch*, the Court found that plaintiff's wife's medical condition was not covered by FMLA. 797 F. Supp. 2d 48. There, the plaintiff's wife had emergency gallbladder surgery, requiring her to remain in the hospital for three days. *Id*. After his wife's surgery, the plaintiff requested three weeks of leave, explaining to his manager that his wife's surgery had been more complicated than originally anticipated and that she would need help around the house. *Id*. The defendant, however, refused to grant this leave. *Id*. at 63. The court concluded that no reasonable juror could find that plaintiff's wife had a serious medical condition. *Id*. There was no indication that his wife required any inpatient care or continuing treatment by a health care provider after her initial surgery. *Id*. at 65. Instead, the plaintiff simply stated that his wife's medical condition was serious and that she needed his help during her recovery. *Id*. That court held that such conclusory statements, without more, were insufficient to survive the defendant's motion to dismiss. *Id*. (*citing Bond v. Abbott Labs.,* 7 F. Supp. 2d 967, 974 (N.D. Ohio 1998) (determining that whether an illness qualifies as a "serious health condition" for purposes of the FMLA is a legal question that a plaintiff may not avoid simply by alleging it to be so).

Here, plaintiff cannot maintain a claim under the FMLA because he did not have a "serious health condition." Dismissal here is even more compelling than the plaintiff in *Deloatch*. In *Deloatch*, the plaintiff's wife was hospitalized for three days. Here, plaintiff does

not claim he needed "inpatient care in a hospital, hospice, or residential medical care facility." *See* 29 C.F.R. § 825.113(b) (2009); *see also* 29 U.S.C. § 2611(11)(B).   In fact, plaintiff does not allege that he visited a hospital at all.   Compl. generally.   The only treatment plaintiff was to receive was therapy three times a week for four to six weeks.  *Id*. ¶ 24.

Further, while plaintiff states in a conclusory fashion that he was incapacitated, his complaint establishes the contrary.   Specially, the complaint alleges that Dr. Nguyen concluded that he could work intermittently or on a modified schedule.   Compl. ¶ 23.   Nowhere in the complaint does plaintiff suggest that Dr. Nguyen concluded that he should be unable to work due to physical immobility or incapacity.  *See* Compl. generally.   Plaintiff's only physical limitation was that he could not sit for a long period of time --- not an inability to work.  *See* 29 C.F.R. §825.113(b).   Plaintiff fails to allege facts sufficient to establish one day of incapacitation, let alone three.  *See* 29 C.F.R. § 825.115(a).   Conclusory claims of incapacity are insufficient. *Iqbal*, 129 S. Ct. at 1950-51 (quoting *Twombly*, 550 U.S. at 555).   Plaintiff's condition does not meet the elements of a  serious health condition, thus did not invoke the FMLA.   The Court should therefore dismiss plaintiff's FMLA claim.

F. **Alternatively, the District is entitled to summary judgment as to all claims for unliquidated damages under Counts III and IV because plaintiff failed to comply with D.C. Code § 12-309.**

Plaintiff failed to satisfy the notice requirements of D.C. Code § 12-309.  That statute provides:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, *within six months after the injury or damage was sustained*, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause and circumstances of the injury or damage.

§ 12-309 (emphasis added).

Compliance with the notice requirement of § 12-309 is "a mandatory prerequisite to filing a lawsuit against the District." *District of Columbia v. Dunsmore,* 662 A.2d 1356, 1359 (D.C. 1995). The purpose of § 12-309 is "to provide the District an opportunity to investigate claims while the circumstances giving rise to them are fresh and, secondarily, to provide an opportunity for settlement." *Hardy v. District of Columbia*, 616 A.2d 338, 340 (D.C. 1992). Additionally, a letter notifying the Mayor under § 12-309 must provide enough information that the District "in the exercise of due diligence, should have been able to locate the offending defect." *Id.*

"Unlike a statute of limitations, which can be tolled through the discovery rule, § 12-309 starts the clock at the instant an injury or damage is sustained." *Brown v. District of Columbia***,** 853 A.2d 733, 736-737 (D.C. 2004). "The discovery rule states that the cause of action does not accrue "until the plaintiff knows or by the exercise of reasonable diligence should know of the injury, its cause in fact and some evidence of wrongdoing." *See id.* (holding, in a failure to diagnose case involving an inmate housed at Lorton Reformatory, the date of injury was the day decedent's condition worsened and not the date of his death); *see also De Kine v. District of Columbia*, 422 A.2d 981, 986 (D.C. 1980) (determining the date of injury, in an impoundment claim against the District, as the date the property was taken, not the date the property was released). Strict compliance with § 12-309's requirement that timely notice be given to the District is mandatory, while greater liberality is appropriate with respect to the content of the notice. *Wharton v. District of Columbia*, 666 A.2d 1227, 1230 (D.C. 1995).

Here, plaintiff failed to provide the District with notice of his injuries within six months of sustaining the injuries, as required by § 12-309. On August 16, 2010, plaintiff was allegedly denied leave and placed on AWOL status. Compl. ¶ 31. On August 25, 2010, plaintiff claims he was advised via letter that he was being terminated. *Id.* ¶ 36. To date, the District has not

14

received a § 12-309 notice letter from plaintiff.  *See* Exhibit A – Affidavit of Tamonica Heard. More than six months have elapsed August 16 and 25, 2010, respectively; therefore, plaintiff has failed to provide timely notice under § 12-309.

The purpose of § 12-309 notice is to give the District an opportunity to investigate, locate defects in its system and provide the District with notice of potential claims.  *See Hardy*, 616 A.2d at 340.  Here, the District was not given an opportunity to take appropriate investigatory action by reviewing the circumstances surrounding plaintiff's alleged denial of leave, placement on AWOL status and termination.

The D.C. courts have explained that "[a] debt is liquidated if 'at the time it arose, it was an easily ascertainable sum certain.'" *Dist. of Columbia v. Campbell,* 580 A.2d 1295, 1300 (D.C.1990) (quoting *Hartford Accident & Indem. Co. v. Dist. of Columbia,* 441 A.2d 969, 974 (D.C.1982)).  Claims such as back pay are easily ascertainable and thus qualify as liquidated damages. *See Chisholm v. Dist. of Columbia,* 533 F. Supp. 2d 175, 179 (D.D.C.2008); *Beeton v. Dist. of Columbia,* 779 A.2d 918, 925 (D.C.2001) (affirming award of back pay and benefits to plaintiff despite noncompliance with § 12–309). Moreover, back pay awards in employment discrimination cases are generally considered a form of equitable relief, and equitable relief is not barred by § 12–309.  *Elzeneiny v. Dist. of Columbia*, 699 F. Supp. 2d 31, 34-35 (D.D.C. 2010).  Thus, because satisfaction of the notice requirement of § 12-309 is a prerequisite to filing suit against the District for unliquidated damages, and because plaintiff cannot now cure the defect outlined above, the District is entitled to a dismissal of plaintiff's claims for unliquidated damages, namely front pay, out of pocket expenses, and compensatory damages under Counts III and IV.

**IV.    CONCLUSION**

For the reasons set forth above, the Court should dismiss plaintiff's complaint.

Respectfully submitted,

IRVIN B. NATHAN
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

*/s/ Jonathan H. Pittman*
JONATHAN H. PITTMAN    [D.C. Bar No. 430388]
Chief, General Litigation Section III


/s/ Patricia B. Donkor
PATRICIA B. DONKOR [DC Bar No. 1000455]
Assistant Attorney General
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 727-9624

Counsel for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**RONALD W. HODGES,**

                     **Plaintiff,**

     **v.**                                      **Case: 1:12-cv-01675-JDB**

**THE DISTRICT OF COLUMBIA,** *et al*.

                     **Defendants.**

**ORDER**

Upon consideration of the Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment the response thereto, if any, and the record herein, it is by the Court this _____ day of _____, 201_,

ORDERED:    that the Motion is GRANTED; and it is

FURTHER ORDERED:    that the Complaint is DISMISSED.

_____
JOHN D. BATES
U.S. DISTRICT COURT FOR THE DISTRICT OF
COLUMBIA

1