UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD W. HODGES,<br><br>                    **Plaintiff,**<br>v.<br><br>THE DISTRICT OF COLUMBIA.<br><br>                    **Defendant.** | Case: 1:12-cv-01675 (JDB) |

**THE DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S OPPOSITION TO THE DISTRICT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

___

      While plaintiff devotes over forty-three pages to his Opposition to the District's Motion District's Motion to Dismiss, or in the Alternative, for Summary Judgment, only a short reply is warranted. For the reasons stated in the District's Motion, the District is entitled to dismissal of all of plaintiff's claims. The District styled its Motion as a Motion to Dismiss, or in the Alternative, for Summary Judgment on the issue of liquidated damages under Counts III and IV. The District never intended, nor did it seek, to convert the entire Motion to one for summary judgment, as the Opposition suggests. Because plaintiff admits that he never provided the District with notice of his intent to file the instant lawsuit pursuant to D.C. Code § 12-309, the District is entitled to summary judgment on plaintiff's claim for unliquidated damages under Counts III and IV. Opp. at 40-41.

      Next, while it was unclear whether plaintiff sought to name Charles Willoughby and the OIG as defendants, plaintiff has since provided clarification. Charles Willoughby and the OIG were not intended as parties, thus to the extent that they were ever parties, they both must be dismissed from the instant lawsuit.

Moreover, for the reasons stated in the District's Motion, plaintiff fails to state a cause of action under the ADA or DCHRA because his condition was not substantially limiting. Plaintiff spends several pages claiming that his disability was substantially limiting and attempting to distinguish the cases cited by the District. However, plaintiff does not cite to one case, whatsoever, neither pre or post 2008 amendments, where a court has found a condition, lasting less than a year and where plaintiff was still able to perform his work functions was substantially limiting. *See* Opp. 13-18. Further, plaintiff's contention that *Thompson v. Rice*, 422 F. Supp. 2d 158, 167 (D.D.C. 2006), *Etheridge v. FedChoice Fed. Credit Union*, 789 F. Supp. 2d 27, 35 (D.D.C. 2011), and *Adams v. Citizens Advice Bureau*, 187 F.3d 315, 316-17 (2d Cir. 1999) are inapposite lacks merit.

Plaintiff repeatedly points out that he was incapacitated and could not sit for a long period of time to support his argument that he was substantially limited. However, as argued in the District's Motion, plaintiff's only physical limitation was that he could not sit for a long period of time --- not an inability to work. Dr. Nguyen restricted certain activities, such as prolonged sitting but never made a determination that plaintiff could not perform his work while on the job. Compl. ¶¶ 23, 26. The only time that plaintiff's doctor made a suggestion that he should not work was when referring to out of work activities, similar to the plaintiff in *Etheridge,* a post 2008 amendment case. *See* ¶ Compl. 27. Specifically, he advised plaintiff not to work because of his commute to work and its distance from his treatment. *Id.* Nothing in the complaint or opposition suggests that while at work, plaintiff was in any way impeded from performing his work assignments. *Compl. generally*.

The fact that discovery has not yet commenced is of no moment for purposes of meeting the strict pleading requirements of *Iqbal* and *Twombly*, which plaintiff has not done. Thus, not

only was the duration of plaintiff's injury short term and temporary, plaintiff's condition was not severe enough to even impact his ability to perform his work responsibilities.

Finally, the District rests on the arguments it made in its Motion regarding plaintiff's FMLA claim. As demonstrated in the District's opening brief, as a matter of law, plaintiff cannot succeed on his claims as pleaded. Plaintiff's Opposition fails to defeat the merits of these arguments. Thus, the Complaint, in its entirety must be dismissed with prejudice.

Respectfully submitted,

IRVIN B. NATHAN
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Jonathan H. Pittman
JONATHAN H. PITTMAN    [D.C. Bar No. 430388]
Chief, General Litigation Section III

/s/ Patricia B. Donkor
PATRICIA B. DONKOR [DC Bar No. 1000455]
Assistant Attorney General
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 727-9624
Patricia.donkor@dc.gov